# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br><br>Paul David Roemhildt<br>Michele Lee Roemhildt,<br><br>Debtor(s).<br><br><br>Michele Lee Roemhildt,<br><br>      Plaintiff,<br><br>      v.<br><br>United States Department of Education<br><br><br>      Defendant. | Chapter 7 No. **24-32480**<br><br><br><br><br><br><br><br>Adv. Pro. No. |

## PLAINTIFF'S COMPLAINT

Plaintiff files this Complaint against Defendant United States Department of Education, on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

## II.

## PARTIES

**A.**     **Plaintiff**

    1.     Plaintiff is a citizen of the State of Minnesota, residing in the District of Minnesota.

**B.**     **Defendant**

    2.     Defendant United States Department of Education ("Defendant") is an executive department established by the Executive Branch of the United States Government. Defendant is an agency within the meaning of 5 U.S.C. § 701(b)(1), with its headquarters located and

maintained at 400 Maryland Avenue SW, Washington, D.C 20202 and is believed to be the current holder of Debtor's student loan debt as described in this Complaint.

## III.

## JURISDICTION AND VENUE

3. This Adversary Proceeding is brought under the above-captioned case.

4. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

5. This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001.

6. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## IV.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.** **Background of the Problem**

7. The federal student loan program was originally designed in response to Sputnik. After the successful launch of the Soviet rocket, the U.S. government became worried that the Russians were outpacing Americans in science and math education. In order to make Americans more competitive in the space race, the government authorized the creation of the National Defense Education Act in 1958 and the Guaranteed Student Loan Program (now the Stafford Loan) in 1965.

8. Even by the 1970s, few students needed loans to go to college. The average cost of tuition was only $2,587 and the average debt for a medical student was only $13,469. With Pell grants, scholarships, and summer jobs, even kids from lower-income backgrounds could often make it through college debt free. But largely in response to anecdotal evidence about a few dishonest lawyers filing for bankruptcy immediately after graduation, Congress made student

loans presumptively non-dischargeable in bankruptcy for the first five years of repayment, unless excepting such discharge would impose an "undue hardship" on the debtor or her dependents. Although this rule was at odds with the fundamental purpose of the bankruptcy code, it was perhaps a reasonable exception as it only applied to the first five years of repayment.

9. Congress did not define "undue hardship" in 1978 but instead left that determination to the courts. Over the next thirty years, courts wrestled with meaning of "undue hardship," creating and discarding nearly a dozen tests, working within and without the text of the statute, now commingling the court's equitable powers under section 105 with the court's mandate under section 523(a)(8), now refusing to do so. Over time, two tests have emerged triumphant from the cauldron of judicial lawmaking: the Brunner Test ("Brunner") and the Totality of the Circumstances Test ("TOC"). These two tests are supplemented with wide disagreement over whether courts are permitted to discharge one of several loans, a practice known as "partial discharge."

10. After Brunner and TOC had codified the meaning of "undue hardship," Congress amended section 523(a)(8) in two chief ways: (1) abolishing the five year time frame and making student loans non-dischargeable in perpetuity; and (2) adding subsection 523(a)(8)(B) which excepted from discharge qualified private student loans. The problem with these amendments is that the "undue hardship" standards were created when courts were only charged with determining whether repayment of federally insured loans with capped interest rates during the first five years would constitute an undue hardship. Both Brunner and the Totality of the Circumstances test are therefore incredibly harsh because courts knew that after five years, the debt could be discharged without any showing of additional financial strain whatsoever.

11. Although Brunner/TOC is binding precedent in this Circuit, Plaintiff humbly prays that this Court reconsider the applicability of that precedent given the changing legal landscape of section 523(a)(8) since the time Brunner/TOC was enacted.

B. **Plaintiff Files For Bankruptcy**

12. Plaintiff borrowed over $**70,000.00** from Defendant in order to attend higher education courses.

13. Owing to circumstances beyond Plaintiff's control, Plaintiff filed the above-captioned bankruptcy in this Court.

14. Plaintiff's combined student debt is now estimated to be **$70,038.31**. Plaintiff's take home pay listed on schedule I is **$4,769.00** per month.

15. Plaintiff's student loans cost approximately **$859.38** per month if paid off in 10 years at 8% interest.

16. Plaintiff's student loan payments constitute over **18%** of Plaintiff's take home pay.

17. Plaintiff intends to submit additional factual information supporting Plaintiff's cause of action by completing the Attestation From contemplated in the new guidance issued by the Department of Justice in coordination with the Department of Education on November 17, 2022, regarding the student loan bankruptcy litigation (November 17, 2022 Guidance").

V.

**CLAIMS FOR RELIEF**

A. **Count One: Determination of Dischargeability**

18. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

19. Plaintiff is entitled to discharge of Plaintiff's student loan debt, either in whole or in part, because repayment would constitute an "undue hardship" on Plaintiff.

20. Plaintiff meets the standard for undue hardship as articulated in *Brunner/Totality of the Circumstances*.

21. Plaintiff satisfies the student loan discharge assessment factors outlined in the November 17, 2022, Guidance.

22. Accordingly, Plaintiff prays this Court discharge Plaintiff's student debt in part or in total.

## VI.

## NO JURY DEMAND

23. In regard to Federal Rules of Bankruptcy Procedure 7008, Plaintiff hereby consents to entry of final orders or judgment by the bankruptcy court in regard to the matters plead herein.

## VII.

## PRAYER

24. In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered against Defendants for:

(1) declaratory and injunctive relief;

(2) determination of dischargeability; and

(3) other such relief as the Court deems just and proper.

Respectfully submitted,

**/e/ Jeffrey H. Butwinick**
Jeffrey H. Butwinick, #342208
Attorney for Plaintiff
7800 Metro Parkway, Suite 300
Bloomington, MN 55425
jeff@butwinicklaw.com
p. 651-210-5055
f. 651-560-7135