UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

In re:

                                      Bankruptcy No. 24-32480

Paul David Roemhildt
And Michele Lee Roemhildt,            Chapter 7

              Debtors.

_____

Michele Lee Roemhildt,

              Plaintiff,

        v.

                                        Adversary No. 25-03020

United States Department of Education,

              Defendant.

_____

**ANSWER OF THE DEFENDANT
UNITED STATES DEPARTMENT OF EDUCATION**

Defendant United States Department of Education ("Defendant"), by and through its attorney, Ana H. Voss, Assistant United States Attorney for the District of Minnesota, hereby submits its answers to the Complaint (ECF No. 1) by Debtor/Plaintiff Michele Lee Roemhildt ("Plaintiff"). Except as expressly admitted, qualified, or explained herein, Defendant denies each and every allegation of the Complaint. In accordance with Rule 8(b) of the Federal Rules of Civil Procedure (as incorporated by Rule 7008 of the Federal Rules of Bankruptcy Procedure), any averment by Defendant that it lacks knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial. Further, pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Defendant consents to entry of final orders or judgment by the United States Bankruptcy Court for the District of Minnesota (the "Court") with regard to

this adversary proceeding. Defendant answers the respective paragraphs of the Complaint as follows:

## **PARTIES**[1]

1.     In response to Paragraph 1, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph and, therefore, denies them.

2.     In response to Paragraph 2, Defendant admits that it is an executive department established by the Executive Branch of the United States Government and that Defendant is an agency within the meaning of 5 U.S.C. § 701(b)(1), headquartered at 400 Maryland Avenue S.W. in Washington, DC, 20202. Defendant further admits that it holds two loans made under the William D. Ford Federal Direct Loan Program (FDLP, DLP or Direct Loan Program), which are Direct Consolidation Loans and are reflected in Education's National Student Loan Data System (NSLDS) as NSLDS Loans 12-13 and are currently serviced by Aidvantage. Within NSLDS and in the servicing systems, the Direct Consolidation Loans are reflected as two loans (NSLDS Loans 12-13) to reflect the portions of the loan which are subsidized v. unsubsidized.

## **JURISDICTION AND VENUE**

3.     Defendant admits the allegations in Paragraph 3.

4.     Paragraph 4 constitutes Plaintiff's statement of jurisdiction and is comprised of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations in Paragraph 4.

---

[1]  For ease of reference, the underlined headings and paragraph numbers in the Answer correspond to the headings and paragraph numbers in the Complaint.  These are included and are included solely for ease of reference; they are not intended to form a substantive part of Defendant's Answer.

5.      Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this adversary proceeding is brought pursuant to 11 U.S.C. § 523(a)(8) and Federal Rule of Bankruptcy Procedure Rule 7001 but denies the remainder of the allegations in the paragraph. Defendant further notes that, to the extent Plaintiff intends to assert claims pursuant to either the Fair Credit Reporting Act or Fair Debt Collection Practices Act, such claims are not properly within the jurisdiction of the bankruptcy court.

6.      Paragraph 6 comprises Plaintiff's statement of venue containing legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant admits the allegations in Paragraph 6.

## FACTUAL AND PROCEDURAL BACKGROUND

7.      Defendant denies that the statements contained in Paragraph 7 require a response from Defendant, as they do not constitute allegations asserted against it pursuant to Federal Rule of Civil Procedure 8(b)(1)(b), and thus are considered denied or avoided under Federal Rule of Civil Procedure 8(b)(6).  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7 and, therefore, denies them.

8.      Defendant denies that the statements contained in Paragraph 8 require a response from Defendant, as they do not constitute allegations asserted against it pursuant to Federal Rule of Civil Procedure 8(b)(1)(b), and thus are considered denied or avoided under Federal Rule of Civil Procedure 8(b)(6).  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8 and, therefore, denies them.

9.     Defendant denies that the statements contained in Paragraph 9 require a response from Defendant, as they do not constitute allegations asserted against it pursuant to Federal Rule of Civil Procedure 8(b)(1)(b), and thus are considered denied or avoided under Federal Rule of Civil Procedure 8(b)(6).  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9 and, therefore, denies them.

10.     Defendant denies that the statements contained in Paragraph 10 require a response from Defendant, as they do not constitute allegations asserted against it pursuant to Federal Rule of Civil Procedure 8(b)(1)(b), and thus are considered denied or avoided under Federal Rule of Civil Procedure 8(b)(6).  To the extent a response is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10 and, therefore, denies them.

11.     Defendant denies that the statements contained in Paragraph 11 require a response from Defendant, as they do not constitute allegations asserted against it pursuant to Federal Rule of Civil Procedure 8(b)(1)(b), and thus are considered denied or avoided under Federal Rule of Civil Procedure 8(b)(6).  Otherwise, they arguably comprise a legal conclusion or request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies the statements in Paragraph 11 and denies that Plaintiff is entitled to the relief sought.

12.     In response to Paragraph 12, Defendant admits that Plaintiff borrowed monies from Defendant of over $70,000.00 and avers that the current balance due, as of March 3, 2025 of $70,335. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 12 and, therefore, denies them.

13.     In response to Paragraph 13, Defendant admits that on February 19, 2025, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 13 and, therefore, denies them.

14.     In response to Paragraph 14,  Defendant admits the allegations in the first sentence of the paragraph and avers that the balance of the loans held by Defendant identified in Paragraph 2 of this Answer, is accurately set forth in Paragraph 12 of this Answer.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 14 and, therefore, denies them.

15.     Defendant denies the allegations in Paragraph 15 and states that the standard monthly payment for Plaintiff's loans described in Paragraph 2 of the Answer is actually $494.99 per month.

16.     In response to Paragraph 16, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph and, therefore, denies them.

17.     In response to Paragraph 17, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations, which appear to be an expression of Plaintiff's own intent, and, therefore, denies them. Defendant states, however, that as of the filing of this Answer, Plaintiff has not yet provided Defendant with the referenced completed Attestation Form or supporting documentation.

## CLAIMS FOR RELIEF

18.     Defendant restates and incorporates by reference its responses to the preceding paragraphs, and in doing so, responds to Paragraph 18.

19.     Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 19.

20.     Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 20.

21.     Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 21.

22.     Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 22.

## NO JURY DEMAND

23.     Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant also consents to the Court's entry of final orders and judgment in this matter.

## PRAYER

24.     Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint's Prayer for Relief in Paragraph 24.

## DEFENDANT'S ADDITIONAL AND AFFIRMATIVE DEFENSES

1.     The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

2.     Relief should be denied as an exercise of judicial discretion.

3.     Defendant is entitled to judgment as a matter of law.

4.     The defenses asserted herein are based on Defendant's information and belief. Defendant reserves its right to rely on all defenses lawfully available to it, including, but not limited to, those defenses asserted herein. Defendant also reserves its right to amend, supplement, alter, augment, or change its answers and to rely upon any other additional defenses at law or in equity

that may be, or become, available to it as Plaintiff's averments and contentions become clearer and discovery reveals additional facts.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief in the form of an order and judgment:

1.   Dismissing the Complaint in its entirety with prejudice.

2.   Declaring Plaintiff's student loan indebtedness against Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(8).

3.   Judgment be entered in favor of Defendant.

4.   Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: May 1, 2025

LISA D. KIRKPATRICK
Acting United States Attorney

*s/ Ana H. Voss*

By: ANA H. VOSS
Assistant U.S. Attorney
Attorney ID Number 483656DC
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
Ana.voss@usdoj.gov

Attorneys for Petitioner

**Attorneys for Defendant United States Department of Education**